45 Renwick St., LLC v Lionbridge, LLC (2018 NY Slip Op 04641)





45 Renwick St., LLC v Lionbridge, LLC


2018 NY Slip Op 04641


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


6925 159939/14

[*1]45 Renwick Street, LLC, Plaintiff-Respondent,
v
Lionbridge, LLC, Defendant-Appellant.


Mark D. Mermel, Lake Success, for appellant.
Venable LLP, New York (Michael J. Volpe and Cindy E. Zuniga of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 21, 2017, which granted plaintiff's motion for summary judgment dismissing defendant's counterclaims, directed the escrow agent to disburse funds to plaintiff, awarded plaintiff reasonable attorneys' fees and costs in an amount to be determined by a referee, and denied defendant's cross motion for summary judgment on its counterclaims, unanimously affirmed, with costs.
Plaintiff seller and defendant buyer entered into a contract of sale, containing a New Jersey choice-of-law provision, which provided for the sale of seller's property located at 45 Renwick Street to defendant buyer. A few days prior to the time-is-of-the-essence closing date, buyer stated that it was refusing to close because certain laws would limit its ability to develop the property. However, after the closing date passed and seller elected to terminate the contract and retain the deposit, buyer claimed that seller had not been ready, willing, and able to close because the property had an easement-covenant that had not been removed and therefore seller's representation in the contract that there would be no encumbrances on the property at closing was untrue. The easement-covenant, which allowed the subject property to encroach three inches onto neighboring property, was disclosed in a title report issued eight months prior to the scheduled closing.
In support of its motion for summary judgment, plaintiff seller demonstrated prima facie that it was ready, willing and able to perform on the closing date, and that buyer failed to demonstrate a lawful basis for not being obligated to close (see Marioni v 94 Broadway, Inc., 374 NJ Super 588, 605-606 [NJ App Div 2005], cert denied 183 NJ 591 [2005]; see also Rodriguez Pastor v DeGaetano, 128 AD3d 218, 224 [1st Dept 2015]).
In opposition, defendant buyer failed to demonstrate that it had a lawful basis for refusing to close since the easement-covenant, which benefitted the property and was evident in the title survey, was a "permitted exception" as defined in schedule 1.21 of the contract for sale. Thus, buyer materially breached the contract when it failed to appear on the time-is-of-the-essence closing date, and, under the limited amendment to the Contract of Sale, seller is entitled to retain the deposit as liquidated damages (see Metlife Capital Fin. Corp. v Washington Ave. Assocs. L.P., 159 NJ 484, 496 [1999]; Donerail Corp. N.V. v 405 Park LLC, 100 AD3d 131, 137-138 [1st Dept 2012]). Pursuant to the contract, plaintiff seller is also entitled to recover its attorneys' fees for both the proceedings before Supreme Court and this Court, to be determined, as directed by the court, by a referee.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK